POCIEY *v.* PIERROT ET AL.

*Trial practice—Opening statement of counsel—Right to subse-. quently qualify or explain.*

Defendant having moved for a judgment on the opening statement of plaintiff's counsel, it is error for the trial court, after questioning counsel for plaintiff as to what he said in his opening statement to the jury, to refuse to permit him to qualify or make some explanation of such statement.

(Decided December 11, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Eugene C. Pociey,* for plaintiff in error.
*Mr. D. T. Hackett* and *Messrs. Kilduff & Schiele,* for defendants in error.

BY THE COURT. The plaintiff in error, who was plaintiff below, brought suit on a contract of employment, for services as attorney.

The petition alleged that the contract for his services was on a contingent fee, *equal to* fifty per cent. of the amount of interest and costs recovered.

In the hearing of the case in the trial court, the plaintiff, in his opening statement to the jury, asked at their hands for a verdict for fifty per cent. of the amount recovered. Whereupon, counsel for the defendants moved for judgment on the opening statement of plaintiff. The court thereupon interrogated plaintiff, and asked him if he did make that statement to the jury, no statement having been taken down by the stenographer. Whereupon, plaintiff sought to qualify or make some explanation of his statement. The court held

him to his opening statement to the jury, and refused to permit the qualification, and thereupon instructed the jury to return a verdict for the defense, which was done. Error is prosecuted here to reverse the judgment entered on that verdict.

We understand the rule to be, as laid down in the case of *Cornell* v. *Morrison,* 87 Ohio St., 215, that counsel in stating his case may inadvertently overlook some important facts that he is required to establish by the evidence, and, for that reason, after the sufficiency of his statement has been challenged, should be given full and fair opportunity to explain and qualify his statement, and to make such additions thereto as in his opinion the proofs at his command will establish. This opportunity was not given the plaintiff. His petition properly alleged a valid claim.

For error in instructing the verdict, the judgment will be reversed, and the cause remanded for further proceeding.

*Judgment reversed, and cause remanded.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ.. concur.